provisions in the contract are not ambiguous. Accordingly, the principal amount claimed by and awarded to plaintiff must be reduced by the sum claimed for health and dental insurance premiums.

 Defendant's final point is that there is no proof offered by the plaintiff as to the interest rate provision of the contract. She argues the court erred in awarding nine percent interest from the date of termination. The rate of interest used by the trial court was apparently based upon § 408.020, which provides for nine percent interest per annum "when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts." The only interest rate referred to in the contract was interest on the educational loan. That loan is fully repaid. No rate of interest was agreed to regarding repayment of the stipend. Because there was no interest rate agreed upon for repayment of the stipend, the statutory rate is applicable.

We conclude that after allowing a $5,000 credit, plaintiff has only proved it is entitled to repayment of the balance of the stipend. The cause is reversed and remanded for entry of a judgment in the sum of $3,653.95 plus interest from the date of defendant's termination of employment at the statutory rate.

CROW, P.J., and GREENE, J., concur.

Craig K. Sweeney, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, J., Presiding, and LOWENSTEIN and ULRICH, JJ.

## ORDER

PER CURIAM:

Appeal from denial of Rule 27.26 motion for post-conviction relief.

Affirmed. Rule 84.16(b).

**Robert E. WINTERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41091.**

Missouri Court of Appeals, Western District.

May 23, 1989.

**Mary GILLIS, Appellant,**

v.

**James COLLINS, Respondent.**

**No. WD 41196.**

Missouri Court of Appeals, Western District.

May 23, 1989.

